UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Ryan N. Jackman and Jessica K. Jackman, | Case No. 20-cv-2372 (WMW/LIB) |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| Members Cooperative Credit Union, | |
| Defendant. | |

---

This matter is before the Court on Defendant Members Cooperative Credit Union's (MCCU) motion to dismiss the complaint of Plaintiffs Ryan N. Jackman and Jessica K. Jackman. (Dkt. 5.) For the reasons addressed below, the Court grants Defendant's motion and dismisses the complaint with prejudice.

## BACKGROUND

Ryan Jackman and Jessica Jackman are residents of Duluth, Minnesota. MCCU is a Minnesota corporation engaged in the business of mortgage lending.

On August 4, 2016, the parties entered into a mortgage agreement pertaining to a residential property. The mortgage agreement includes a provision giving the Jackmans a right to reinstate the mortgage if MCCU were to foreclose the mortgaged property because of the Jackmans' missed payments. In 2020, the Jackmans defaulted on their loan repayment obligations. MCCU subsequently notified the Jackmans that their residence would be sold in a foreclosure sale. After the Jackmans sought to enforce their right to reinstate the mortgage, MCCU notified the Jackmans by letter that they could reinstate the

mortgage if they paid $42,786.28 to MCCU. The Jackmans attempted to re-negotiate the mortgage, but MCCU refused to accept any modification. The mortgage agreement does not include a provision requiring MCCU to re-negotiate the terms of the mortgage. MCCU foreclosed the property and offered it for sale by auction. MCCU placed the winning bid on the property and took possession of it.

The Jackmans' complaint advances two claims for relief: one for a declaratory judgment pursuant to 15 U.S.C. § 1602(aa); and another for a declaratory judgment pursuant to 15 U.S.C. §§ 1639 *et seq*. MCCU seeks to dismiss both claims for failure to state a claim on which relief can be granted.

## ANALYSIS

MCCU argues that the Jackmans' complaint is barred by res judicata because a Minnesota district court previously entered a final judgment with respect to these claims. The Jackmans disagree.

The doctrine of res judicata prevents the litigation of claims that were raised or could have been raised in a prior suit. *See Banks v. Int'l Union Elec., Tech., Salaried & Mach. Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004); *see also Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001) (per curiam). "The law of the forum that rendered the first judgment controls the res judicata analysis." *St. Paul Fire & Marine Ins. Co. v. Compaq Comput. Corp.*, 539 F.3d 809, 821 (8th Cir. 2008) (citing 28 U.S.C. § 1738). Here, because the St. Louis County District Court, Sixth Judicial District, entered a final

judgment, Minnesota law applies. *See Jackman v. Members Coop. Credit Union*, No. 69DU-CV-20-1433 (St. Louis Cnty. Dist. Ct. Nov. 17, 2020).

Subsequent claims are barred under Minnesota law when "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter." *St. Paul Fire*, 539 F.3d at 821 (quoting *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004)). For the purposes of res judicata, "a judgment becomes final when it is entered in the district court and it remains final, despite a pending appeal, until it is reversed, vacated or otherwise modified." *Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P.*, 732 N.W.2d 209, 221 (Minn. 2007). When determining whether a party had a "full and fair opportunity to litigate" the matter, a court considers "whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." *State v. Joseph*, 636 N.W.2d 322, 328 (Minn. 2001) (internal quotation marks omitted). Res judicata applies to all claims actually litigated as well as to all claims that could have been litigated in the earlier proceeding. *See id.* at 327.

As to the first res judicata factor, the Jackmans' claims before this Court arise out of the same transaction and occurrence as the claims in the Jackmans' prior state-court case: the parties' 2016 mortgage agreement and subsequent foreclosure. The Minnesota District Court found that there is no legal recourse for MCCU's refusal to comply with the

Jackmans' demand that MCCU refinance the mortgage and that MCCU was not required to re-negotiate the mortgage under the terms of the mortgage agreement. Here, the Jackmans seek a declaratory judgment that MCCU's mortgage practices violate federal law. The federal claims arise out of the same set of factual circumstances that were addressed by the Minnesota District Court, claims which could have been raised in the prior proceeding. *See id.* (holding that res judicata applies to all claims actually litigated as well as to all claims that *could have* been litigated in the earlier proceeding); *see also Joseph*, 636 N.W.2d at 329 (holding that a Minnesota district court's declaratory judgment ruling barred a subsequent proceeding based on principles of res judicata). For these reasons, the first res judicata factor is met.

As to the second res judicata factor, the state-court case involved the same parties as this case. The Jackmans' state-court case included both Robert Kanuit and MCCU as defendants. Kanuit, an attorney employed by MCCU, is in privity with MCCU as his job is to enforce the legal rights of MCCU. *See id.* at 327 n.2 ("In general, privity involves a person so identified in interest with another that he represents the same legal right."). Because MCCU and Kanuit are in privity with each other, both the state and federal cases involve "the same parties or their privies." *St. Paul Fire*, 539 F.3d at 821 (internal quotation marks omitted). The second res judicata factor is satisfied.

The state court's order is a final judgment on the merits. Under Minnesota law, a judgment is final "when it is entered in the district court and it remains final, despite a pending appeal, until it is reversed, vacated or otherwise modified." *Brown-Wilbert*, 732

N.W.2d at 221. The state court issued its order on defendants' motion to dismiss on November 17, 2020, and the appellate court denied the relief sought in the Jackmans' appeal on April 27, 2021. *See Jackman v. Members Coop. Credit Union*, No. A21-0417 (Minn. Ct. App. Apr. 27, 2021). Because there has been a final judgment on the merits, the third res judicata factor has been met.

The Jackmans had a full and fair opportunity to litigate the matter in state-court. There is no evidence that there were procedural limitations in the state-court proceedings, and the Jackmans had a strong incentive to fully litigate the issues. *See Joseph*, 636 N.W.2d at 328. The state court's order establishes that the court properly considered the mortgage agreement and the facts alleged in the state-court complaint. *See Jackman*, No. 69DU-CV-20-1433 at 4. Even when viewing the facts in the light most favorable to the Jackmans, the state court found that the Jackmans failed to state a claim on which relief could be granted. *Id.* Therefore, the fourth res judicata factor is satisfied.

Because all the res judicata factors have been established, the Court must give full faith and credit to the state court's judgment. *See Knutson v. City of Fargo*, 600 F.3d 992, 996 (8th Cir. 2010) (citing 28 U.S.C. § 1738). As the Jackmans' claims are barred by res judicata, the complaint must be dismissed.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Members Cooperative Credit Union's motion to dismiss, (Dkt. 5), is **GRANTED**.

2. Plaintiffs Ryan N. Jackman and Jessica K. Jackman's complaint, (Dkt. 1), is **DISMISSED WITH PREJUDICE**.

3. Plaintiffs' petition to advance the case for trial, (Dkt. 26), is **DENIED AS MOOT**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 19, 2021                s/Wilhelmina M. Wright
                                                       Wilhelmina M. Wright
                                                       United States District Judge